IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 10, 2015 Session

## MARY V. WILLIAMS v. GIBSON COUNTY, TENNESSEE

**Appeal from the Circuit Court for Gibson County**
**No. 8716, 8724     Clayburn Peeples, Judge**

_____

**No. W2014-01599-COA-R3-CV – Filed June 24, 2015**
_____

Plaintiff filed suit against defendant county alleging, *inter alia*, racial discrimination and retaliatory discharge. Defendant filed a motion to dismiss plaintiff's claims, which motion the trial court granted in part and denied in part. Defendant subsequently filed a motion for summary judgment as to plaintiff's remaining claims. The trial court granted summary judgment in favor of defendant, disposing of the remainder of plaintiff's claims. Plaintiff appeals. Due to significant procedural shortcomings in plaintiff's appellate brief, we are unable to reach the merits of her appeal. We therefore affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P. J., W.S., delivered the opinion of the Court, in which ARNOLD B. GOLDIN, J., and KENNY ARMSTRONG, J., joined.

Mary V. Williams, Trenton, Tennessee, Pro Se.

James I. Pentecost, Jackson, Tennessee, for the appellee, Gibson County, Tennessee.

### MEMORANDUM OPINION[1]

_____
[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum

## Background

This appeal stems from several lawsuits filed by Appellant Mary V. Williams related to her employment as an Emergency Medical Technician ("EMT") with Appellee Gibson County, Tennessee ("Gibson County," the "County," or "Appellee"). Gibson County hired Ms. Williams in May 2004 as a part-time emergency responder. At some point after she was hired, Ms. Williams was deployed as a medic on active duty with the Army National Guard. According to Ms. Williams, she was deployed for approximately two years. Ms. Williams was eventually honorably discharged from the military and returned to Gibson County in an attempt to regain her part-time position as an EMT.[2]

On May 19, 2008, Ms. Williams filed suit in the United States District Court for the Western District of Tennessee against Gibson County. In this suit, she alleged that the County violated the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). She alleged that the County failed to promptly reemploy her as a part-time EMT upon her return from active duty in the Army National Guard and either failed or refused to promote her to full-time employment subsequently.[3] At this time, Ms. Williams was represented by counsel provided by the military.

Ms. Williams and the County eventually reached an agreement and filed a Consent Decree on May 21, 2008, with the federal district court. Although the County denied that it violated USERRA, the Consent Decree included several remedies whereby it agreed to, *inter alia*, promote Ms. Williams to full-time status and pay her a monetary award of $17,000.00. The total award was comprised of $9,900.00 in back pay, $84.00 in accumulated interest, and $7,016.00 in expenses. The Consent Decree provided that it would expire one year after its entry if the remedial obligations had been fulfilled. Pursuant to the Consent Decree, the

---

opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] The record is unclear as to when Ms. Williams was rehired, but it appears that her reemployment was delayed upon her return from deployment.

[3] The technical record in the instant appeal does not include the complaint or pleadings from Ms. Williams's federal lawsuit. The facts of the lawsuit are elicited from the Consent Decree from the case, which was included as part of the record on appeal. Additionally, it is unclear whether Ms. Williams was ever employed in a full-time capacity before bringing the lawsuit in federal court.

County subsequently assigned Ms. Williams full-time EMT duties shortly thereafter on June 7, 2008. However, the County terminated Ms. Williams's employment several years later, on September 17, 2012, alleging that it had recorded a series of complaints and other violations against Ms. Williams.

After her termination, Ms. Williams filed two lawsuits against Gibson County in the Circuit Court of Gibson County. The first case, docket number 8716, was filed by Ms. Williams on July 12, 2013. In the complaint for case number 8716, it appears that Ms. Williams alleges that the County wrongly terminated her employment as an EMT after she sustained injuries from a dog bite while on the job. From what we can discern, Ms. Williams alleges that the County terminated her employment after she made "several complaints about the non treatment she receive[d]." Her complaint provides that her termination was also racially motivated and violated the "EEOC, Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: By: [sic] Firing Ms[.] Williams after being injured on the job and refusing to pay for medical expenses due to that injury." Among other things, Ms. Williams requested relief in the form of back pay from the date of her termination on September 17, 2012.

Less than one month after filing case number 8716, on August 7, 2013, Ms. Williams filed case number 8724. In this complaint, Ms. Williams alleges that Gibson County violated USERRA when it failed to pay her the entire monetary award she was entitled to pursuant to the parties' Consent Decree entered in the federal district court case. She states that the County paid her $9,900.00 in back pay, but failed to pay the remainder of the award. The record does not indicate that Ms. Williams sought any relief in the federal district court due to the County's alleged failure to comply with the Consent Decree.

On September 3, 2013, the County filed a motion to dismiss Ms. Williams's complaint in case number 8724.[4] The County alleged that Ms. Williams failed to state a claim upon which relief may be granted pursuant to Rule 12 of the Tennessee Rules of Civil Procedure because she merely cited to certain statutes without providing factual allegations of how the County violated them. Additionally, the County argued that the Tennessee Governmental Tort Liability Act ("TGTLA") was applicable and that the County was immune to suit under the TGTLA for its discretionary acts, including the termination of Ms. Williams.

---

[4] As discussed *infra*, the trial court eventually consolidated docket number 8716 and 8724. Although the County's motion to dismiss indicates it was filed with regard to docket number 8724, the trial court ultimately applied the County's arguments in its motion to the consolidated matter. Neither party takes issue with this decision on appeal.

3

The record does not include any response to the motion to dismiss by Ms. Williams. However, on September 4, 2013, Ms. Williams filed a motion to change the venue in both cases.[5] Again, on October 23, 2013, she filed another motion to change the venue, claiming she would not get a fair trial with the trial court because she was a *pro se* litigant.[6]

On October 28, 2013, the parties provided notice to the trial court that the County had fulfilled its obligations under the Consent Decree in the federal case by filing the Joint Notice to Court Regarding Dismissal. This notice was dated October 15, 2009, and was previously filed with the federal court to effectuate the dismissal of Ms. Williams's federal district court case. The same day, based on an oral motion by counsel for Appellees, the trial court consolidated docket number 8716 and 8724.

On November 5, 2013, the trial court entered an order granting in part the County's motion to dismiss.[7] In its order, the trial court explained its decision as to each alleged cause of action in the consolidated matter. Regarding Ms. Williams's claims of racial discrimination and a cause of action related to the dog bite, the trial court found that Ms. Williams sufficiently stated a claim to survive the motion to dismiss. On the other hand, with regard to Ms. Williams's claims that the County had not fulfilled its obligations under the Consent Decree entered in her federal case, the trial court found that those claims were barred by the statute of repose, *res judicata*, and Rule 8 of the Tennessee Rules of Civil Procedure.[8] The trial court also found that Ms. Williams failed to state a claim regarding any

---

[5] The bases for her initial motions to change venue are unclear. In case number 8724, she relies on Tennessee Code Annotated Section 40-3-105, which is a criminal procedure statute inapplicable to this case. In case number 8716, she relies on Tennessee Code Annotated Section 28-3-110, a civil procedure statute prescribing the statute of limitations for certain civil actions, also inapplicable to this case.

[6] Ms. Williams's allegations that she believed she would not receive a fair trial stem from an earlier dispute she litigated *pro se* before the same trial court. Ms. Williams's motion to change venue suggests that the trial court improperly ordered her to pay the attorney's fees of opposing counsel in that case. However, the record also indicates that the trial court awarded the attorney's fees because the hearing was unnecessary and brought about by the actions of Ms. Williams.

[7] In the same order, the trial court denied Ms. Williams's motions to change venue. Despite her allegations that she could not receive a fair trial with the trial judge, she did not file a motion to recuse the trial judge.

[8] Although not specifically mentioned in the trial court's order, the Joint Notice to Court Regarding Dismissal states that the County had fulfilled all of its obligations under the Consent Decree for its actions in 2008. The notice was entered by agreement of both the County and Ms. Williams. Accordingly, it appears that the joint notice resolved Ms. Williams's claim that the County failed to comply with its obligations regarding the settlement in the federal matter.

violation of the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination Employment Act because she merely named these acts, without including any specific factual allegations pertaining to how the County had violated them. Finally, the trial court found that the claims regarding any civil rights violations that Ms. Williams had attempted to raise were barred because they involved discretionary decisions of the County, and the County had not waived its immunity.

With regard to Ms. Williams's remaining claims concerning discrimination and retaliation, the County filed a motion for summary judgment on April 4, 2014. The County attached a memorandum of law, a statement of undisputed facts, and the affidavits of Starr Arnold, the Director of Gibson County EMS, and Thomas Witherspoon, Gibson County Mayor. In her affidavit, Ms. Arnold states that she received several complaints about Ms. Williams from her EMT co-workers, patients, and the family members of patients. Ms. Arnold noted that the complaints from her co-workers generally alleged that Ms. Williams drove her ambulance carelessly or recklessly. One co-worker allegedly recorded Ms. Williams driving an ambulance at an excessive speed and ignoring traffic lights.[9] Ms. Arnold also noted that Ms. Williams received a complaint because she had also gotten lost on the way to the local hospital, and she had also gone to the wrong location before picking up a patient. According to Ms. Arnold, she received another complaint against Ms. Williams when she was delayed to pick up a patient because she and her co-worker forgot to retrieve the stretcher from a previous patient drop-off at a hospital.

Attached to Ms. Arnold's affidavit was an Employee Disciplinary Report dated February 27, 2012. The report indicates that Ms. Williams had been dishonest, acted "unbecoming of an EMT/EMT-P," violated safety rules, and had improper work place ethics. At this time, Ms. Williams's driving privileges were revoked for three months. In the same report, Ms. Arnold included that Ms. Williams had allegedly falsified records regarding a patient pick-up so she could receive "unauthorized overtime."

Similarly, in the affidavit of Mayor Witherspoon, he states that Ms. Williams was not terminated due to racial discrimination or any claim she had made regarding worker's compensation for her dog bite injury.

On April 21, 2014, Ms. Williams responded to the motion for summary judgment and filed another motion to change the venue. She attached her affidavit, which contained the following allegations regarding her termination:

---

[9] The recording is part of the record on appeal. It is unclear whether the ambulance was in "emergency mode," and the video does not show Ms. Williams as the driver.

3. Proof that [Ms.] Williams was not fired because of a driving violation.

4. Proof of prejudice, harassment, unfair treatment, by Ms[.] Starr Arnold & Mayor Witherspoon, I being the only black EMT at the time.

Several weeks later, on May 16, 2014, Ms. Williams filed a motion for sanctions against counsel for the County. She claimed that the County's supporting documentation to its motion for summary judgment contained false statements. Gibson County responded on June 27, 2014, denying that it had included any false or misleading statements in its motion or attachments. On June 30, 2014, Ms. Williams filed a second response to the motion for summary judgment.

Over Ms. Williams's objection, the trial court granted summary judgment in favor of the County on July 16, 2014. The trial court found that Ms. Williams failed to comply with Rule 56 and that no genuine disputes of material fact existed. Additionally, the trial court found that Ms. Williams failed to establish a *prima facie* case of discrimination or retaliation with regard to her termination and that Gibson County set forth a legitimate reason for her termination. After the grant of summary judgment in favor of the County, all of Ms. Williams's causes of action had been disposed of by the trial court. The pending motions for change of venue and motion for sanctions were also denied on July 16, 2014.

On August 15, 2014, Ms. Williams appealed.

## Issues

Ms. Williams appears to raise several issues on appeal, which are taken verbatim from her appellate brief:

1. Case No. 8724 regarding all was not honored in my case of 2008 No. 08-1117-JDT Appeals Court and why this case was closed without a hearing.

2. Case No. 8716 the firing of Mary Williams on 9/17/2012. For alleged driving reckless and poor patient. Which was for discrimination, malicious harassment, and hearsay.

a. View falsified DVD which has no face/or person driving the ambulance, it seems to be in emergency mode but no siren can be heard, but the cars are moving out of the way. ambulance's

6

go fast to get the person to the hospital within the golden hour. This is not undisputable proven.

b. Also the date 6/6/12 Mr. Brian Peay Affidavit stated he recorded me driving reckless, this is three months before I got fired from the job this is hearsay and have nothing to do with this case. However Gibson County won there [sic] case on this falsify DVD and Affidavit.

3. View affidavits of Starr Arnold and County Mayor Thomas Witherspoon.

a. Mrs[.] Starr Arnold undisputable truth No. 7 my termination was approved by the public Safety Committee. I was never interviewed/or talked to by the Public Safety Committee.

b. Mrs[.] Starr Arnold undisputable truth, all incident that occurred I was recommend for punishment because I was the only black female EMT, if you check the dispatched log. each ambulance have, the same problem, turning the wrong way, because in the country there is no street sign, at the time Gibson County EMS had no GPS in there [sic] vehicle. And you have to depend on dispatch. This is Discrimination, and malicious harassment.

c. Critical Incident Report of Meagan Brown, view Ms. Meagan Brown was just hired by Gibson County EMS was she offered something for her incident report. I worked for Gibson County EMS for 7 years and Meagan Brown just got hired maybe two days or a week. How many first time on the job would about fellow employees, and there was no truth in her statement. this is hearsay between Medic and EMT.

d. View the letter from patient Donny & Tara Thomas, When the Supervisor got the patient family member involved. The family member reported I was standing around doing nothing and the incident report from the paramedic stated I was assisting the patient on the stretcher when I was bit by their neighbor large dog, both report conflict. This is the patient was fighting everyone that tried to help him, the police was on the scene. However, this is the patient I was trying to put his legs on the

7

stretcher when his neighbor large dog bit me on by left calf. This is the malicious harassment by Ms[.] Starr Arnold.

e. Incident report by Mr[.] Brian Peay on 6/6/12/ and 8/8/12. both incident report are hearsay from a paramedic and a EMT.

4. Affidavit of Mayor Thomas Witherspoon.

a. Mr. Witherspoon, County Mayor hired Mrs[.] Starr Arnold/the wife at the time of the County Sheriff Arnold and increased her salary. However, each day after she was hired the harassment began I was the only black EMT at the time.[] I went and talked to Mayor Witherspoon regarding Mrs[.] Starr Arnold Discrimination, malicious harassment, and hearsay. And complaint about my run ticket being change to increase money from TennCare, run ticket that I have to sign over (Legal patient medical record). I was told by Mayor Witherspoon he don't hire anyone that is prejuice [sic], and if I was told to sign a run ticket over I better sign them. He did not investigate my complaint and the harassment continued every day I worked, paramedic taking pictures, and much harassment in the work place. Mrs[.] Starr Arnold went as far as to write the Medical Board on me regarding putting on heart monitor pad on a heart patient, which all EMT's do, that worked for Gibson County EMS, and it is in their Bylaw for the EMT to help the Paramedic.

*   *   *

**Requesting all be threw out. (Order dennying [sic] Plaintiff's Motion to Change Venue, Dennying [sic] Plaintiff's Motion for Sanctions, and Granting the Motion for Summary Judgment by the Defendant.)**

(Emphasis added.) Thus, as far as we can discern, Ms. Williams has raised three issues on appeal: whether the trial court erred in: (1) denying her motion to change venue, (2) denying her motion for sanctions, and (3) granting summary judgment in favor of the County.[10] We turn to address Ms. Williams's appeal.

---

[10] We note that, although the trial court granted the County's motion to dismiss in part, Ms. Williams does not raise this as an issue on appeal in her statement of the issues. It is therefore waived. *See Forbess v. Forbess*, 370 S.W.3d 347, 356 (Tenn. Ct. App. 2011) (holding that husband waived an issue by his failure to

8

## Discussion

As an initial matter, we note that Ms. Williams has proceeded *pro se* in this appeal.[11] It is well settled that *pro se* litigants must comply with the same standards to which lawyers must adhere. **Jackson v. Lanphere**, No. M2010–01401–COA–R3–CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

**Jackson**, 2011 WL 3566978, at *3. With the foregoing in mind, we turn to Ms. Williams's appeal.

Unfortunately, our review is hampered in this case because Ms. Williams's brief is woefully deficient. We are directed only to consider those issues that are properly raised, argued, and supported with relevant authority. *See* **Hawkins v. Hart**, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position . . . ."). To this end, Rule 27 of the Tennessee Rules of Appellate Procedure specifically provides that an appellant's brief "shall contain":

> An argument, which may be preceded by a summary of argument, setting forth:
>
> A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the

designate it as an issue in his statement of the issues).

[11] Ms. Williams was represented in her federal court case by a military attorney.

9

> authorities and appropriate references to the record (which may
> be quoted verbatim) relied on; . . . .

Here, Ms. Williams fails to cite any law or legal authority supporting her issues regarding venue, sanctions, or summary judgment. "It is not the function of the appellate court to research and construct the parties' arguments." *Coleman v. Coleman*, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at *9 (Tenn. Ct. App. Feb. 4, 2015) (quoting *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)) (no perm. app. filed). This Court has repeatedly held that a party's failure to cite any authority for its argument leads to a waiver of the issue on appeal. *E.g.*, *Forbess v. Forbess*, 370 S.W.3d 347 (Tenn. Ct. App. 2011) ("[W]e cannot overlook Wife's failure to cite any applicable law in her brief . . . .").

In the same vein, Rule 27 also requires appellants to include a "table of contents, with references to the pages in the brief." Here, Ms. Williams included a table of contents, but she fails to include the proper page references as to any of the entries in the table of contents, rendering the table of contents unusable.

Rule 27 also requires appellants to include a "table of authorities including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited." Tenn. R. App. P. 27(a)(2). Here, Ms. Williams purports to include a Table of Authorities, but the majority of the authorities cited never appear in her brief. Thus, her brief is deficient in this regard as well.

Last, Rule 27 also specifically directs appellants to include "appropriate references to the record relied on" in their appellate brief. Ms. Williams failed to include any reference to the record in her brief. Moreover, her brief refers to facts that do not appear in the record on appeal. Again, we note that it is "not the function of this Court to verify unsupported allegations in a party's brief." *Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000). Thus, her brief is in further contravention of Rule 27 for her failure to make appropriate references to the record. Based on the foregoing deficiencies, we conclude that Ms. Williams has waived the issues of whether the venue was improper, whether sanctions were warranted against counsel for the County, and whether summary judgment was appropriate.

We are mindful that Ms. Williams is a *pro se* litigant and that she is entitled to fair and equal treatment. However, she is "not excused from complying with applicable substantive and procedural law" imposed on represented litigants. *Paehler v. Union Planters Nat'l Bank*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Still, in an abundance of caution, we have reviewed the record and cannot conclude that the trial court erred in denying Ms. Williams's multiple motions to change the venue, nor did it err in denying her motion against opposing counsel for sanctions. We, therefore, affirm the trial court's decision denying her

motion to change venue and motion for sanctions. Additionally, regarding the trial court's decision to grant summary judgment in favor of the County, we cannot conclude that Ms. Williams offered any evidence to rebut the County's evidence regarding her termination other than her conclusory argument that the termination was retaliatory or motivated by racial discrimination. She thus failed to demonstrate that a genuine dispute of material fact exists. Consequently, we affirm the trial court's decision granting summary judgment in favor of the County.

## Conclusion

For the foregoing reasons, the decision of the Gibson County Circuit Court is hereby affirmed. Costs of this appeal are taxed to the Appellant Mary V. Williams. Because Ms. Williams is proceeding *in forma pauperis* in this appeal, execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

11